06/07/2016 16:43 2128057870 US DISTRICT COURT PAGE 02

SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **OCT 0 6 2017**

# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

**MEMO ENDORSED**
**p.3**

David E. Patton
Executive Director
and Attorney-in-Chief

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

June 7, 2016

**RECEIVED** JUN 07 2016 CHAMBERS OF RICHARD M. BERMAN U.S.D.J.

**UNDER SEAL**
Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: **United States v. Abdulrahman El Bahnasawy,**
    **16 Cr. 376 (RMB)**

Dear Judge Berman:

On behalf of our client, Abdulrahman El Bahnasawy, we write to oppose the government's application for continued sealing and delayed arraignment in the above-referenced case. Accordingly we ask the Court to amend its order, which was entered before he had had an opportunity to address the government's application, and to schedule an arraignment and conference this week to address these matters, as well as the conditions of Mr. El Bahnasawy's confinement.

With respect to sealing, the defendant's right to a public trial is expressly provided in the Sixth Amendment and is even weightier and more fundamental to due process than the common-law presumption of access and qualified First Amendment right enjoyed by the press and the public. See Waller v. Georgia, 467 U.S. 39, 46 (1984) ("[T]here can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and public [because] [o]ur cases have uniformly recognized the public-trial guarantee as one created for the benefit of the defendant.") (internal quotation marks omitted). The public trial guarantee can be overcome only where the government demonstrates an overriding interest that the Court finds is likely to be prejudiced by public access and further finds that no reasonable alternative is available. Id. at 48; see also United States v. Gupta, 699 F.3d 682, 687 (2d Cir. 2011).

At the outset of this case, Mr Abdulrahman consented both to a semi-closed presentment, at which only his immediate family members who were with him at the time of his arrest were admitted, and to maintaining the complaint, presentment transcript, and all associated docket entries under seal for two weeks. The government had asked for two weeks because it represented that alleged co-conspirator "CC-1 has indicated that, to the extent possible, he will seek to arrive in

Hon. Richard M. Berman  
United States District Judge

June 7, 2016  
Page 2 of 2

New York City before the beginning of Ramadan (i.e., June 5)." Affirmation of AUSA George D. Turner, dated May 23, 2016, ¶ 10.

    June 5 has now come and gone. Meanwhile, Mr. El Bahnasawy, who recently turned 18 years old and suffers from significant mental health issues, has been held in near isolation in the special housing unit at MCC, where he is deteriorating. To date, he has been allowed only a single, short call to his family in Canada and has been denied halal food. We believe that the sealing order in this case may be a reason the BOP is keeping Mr. El Bahnasawy in the SHU.

    The government has not adequately justified the extraordinary impositions it seeks to place on Mr. El Bahnasawy's Sixth Amendment rights. It has not alleged that CC-1 knows Mr. El Bahnasawy's real name, and it has not demonstrated that court filings would jeopardize its investigation of CC-1. Accordingly, the Court can implement reasonable alternative relief that vindicates both Mr. El Bahnasawy's Sixth Amendment right to a public trial and the government's interest in the integrity of its investigation. Specifically, it can order both parties not to disclose any information to third parties, including the media. To the extent the government's speaking indictment could compromise its investigation if reported—which is itself unlikely if the U.S. Attorney's Office refrains from issuing a press release—the government can go back to the grand jury for a bare bones superseding indictment or redact sensitive portions of the current indictment.

    At a minimum, the government has not justified delaying Mr. El Bahnasawy's arraignment or the exclusion of time pending arraignment. Even if the Court fully credits the government's asserted need for continued sealing, there is no reason why Mr. El Bahnasawy could not be arraigned this week in a closed courtroom. Neither the ongoing investigation nor the government's asserted need "to begin assembling discovery"—a phrase that is not explained but clearly does not include *producing* discovery—justifies delay under the Speedy Trial Act.

    Accordingly, we respectfully request that the Court schedule a conference this week in closed courtroom to arraign Mr. El Bahnasawy, set a discovery schedule, and address the conditions of his confinement and the government's application for continued sealing in this case.

                                              Respectfully submitted,  
                                              Federal Defenders of New York

                                              /s/  
                                              David Patton, (212) 417-8738  
                                              Sabrina Shroff, (212) 417-8713  
                                              Clay Kaminsky, (212) 417-8749

cc:    Negar Tekeei and George Turner  
        Assistant United States Attorneys

> The Court supplements its earlier order dated 6/7/16 to require the Gov't to respond to Defense counsels' letter dated 6/7/16. Gov't should respond by 6/8/16 at 2:00 P.M. & include Def's mental + physical well-being.
>
> SO ORDERED:
> Date: 6/7/16    Richard A. Berman
> Richard M. Berman, U.S.D.J.

-3-