```
                                                                    1
   XH965bahC                 ~~SEALED~~ ~~DO NOT DOCKET~~ RMB

1  UNITED STATES DISTRICT COURT           MEMO ENDORSED
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,              New York, N.Y.

4            v.                           16 Cr. 376 (RMB)

5  ABDULRAHMAN EL BAHNASAWY,

6            Defendant.

7  ------------------------------x

8                                         September 6, 2017
                                          10:10 a.m.
9

10 Before:

11              HON. RICHARD M. BERMAN,

12                                        District Judge

13

14                  APPEARANCES

15 JOON H. KIM
        Acting United States Attorney for the
16      Southern District of New York
   BY:  NEGAR TEKEEI
17      GEORGE D. TURNER
        Assistant United States Attorneys
18
   FEDERAL DEFENDERS OF NEW YORK
19      Attorneys for Defendant
   BY: DANIEL G. HABIB
20     SABRINA P. SHROFF

21

22

23

24

25
                  SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/31/17

Clerk to docket + file.

SO ORDERED:
Date: 10/31/17
Richard M. Berman, U.S.D.J.

1            (Case called)
2            THE COURT:  So, you will recall from yesterday's
3    proceeding where we, I think, covered a lot of ground in this
4    case where I said that there was one issue I was going to hold
5    over for separate hearing today and that is the issue of
6    Mr. Bahnasawy's counsel.  This is an issue that has been raised
7    on several occasions during the course of these proceedings,
8    beginning to end, there is an extensive record of letters about
9    this, and we had conferences and hearings.
10           Throughout the entire proceedings Mr. Bahnasawy has
11   been represented by public defenders including, in particular,
12   Ms. Shroff and Mr. Habib.  They have enlisted a social worker
13   from their office and they've also enlisted mental health
14   experts on behalf of Mr. Bahnasawy, and I think I remember it
15   from the record in fact they, I mentioned this, they have
16   visited with him on an extraordinary basis in the sense that
17   nearly daily during the course of, at least some periods of
18   time during the course of his incarceration, and throughout
19   Mr. Bahnasawy has advised me directly and personally that he
20   wished to have Public Defenders as his counsel on several
21   occasions.  We have had that discussion and the potential
22   counsel other than public defenders who have come up, so to
23   speak, as names or individuals who had some interest in the
24   case, it seems at the urging of Mr. Bahnasawy's parents, have
25   been identified as Barry Coburn, C-O-B-U-R-N, Dennis Edney,

XH965bahC                SEALED - DO NOT DOCKET

1    E-D-N-E-Y, and Jason Wright, who is from the Law Offices of
2    Andrew J. Frisch, F-R-I-S-C-H.  So, my understanding is that
3    Mr. Wright and Mr. Frisch work in the same office.  Mr. Edney
4    is Canadian counsel and Mr. Coburn is independent of those
5    individuals in terms of his practice.
6           Also in the past Mr. Bahnasawy has, on consent of the
7    government and on consent of defense counsel and with my
8    assistance, to some degree, has met with Dennis Edney and Jason
9    Wright.  Recently, by letter dated August 15, 2017, Attorney
10   Frisch has written and requested permission on behalf of Dennis
11   Edney to permit Mr. Edney, Mr. Wright, and Mr. Frisch to attend
12   and observe court appearances in this case and to visit
13   Mr. Bahnasawy at the MCC to obtain a copy of the court file,
14   etc., and to be enlisted as counsel.
15          I should mention that Mr. Bahnasawy is 19 years old,
16   is a Canadian citizen.  As I said before, I have raised the
17   issue of counsel, including this most recent request, with him
18   and the prior requests for additional and/or substitute counsel
19   on several occasions.  My impression is that Mr. Bahnasawy has
20   always been in those conversations that we have had and also,
21   by the way in court and have been in court all of us together
22   many times, has always been alert, clear, informed, and
23   responsive on issues that have been raised with him including,
24   in particular, his choice of counsel and who he wants to
25   represent him, and also during the other proceedings in this

1  case including his plea of guilty, I believe it was back in
2  October of last year. He consistently has said that he wants
3  to have public defenders as his counsel and to have them
4  continue as his counsel and did not wish to have additional
5  counsel.
6        So, I think I will set forth some background here and
7  then conclude this part of the proceeding.
8        So, as I mentioned by letter dated August 15, 2017,
9  Mr. Frisch, of the Law Offices of Andrew J. Frisch, wrote and
10 said, "My firm is local counsel to Canadian lawyer Dennis
11 Edney, on whose behalf I submit this letter. Mr. Edney is
12 Canadian counsel to defendant Abdulrahman El Bahnasawy, as well
13 as defendant's father Osama and mother Khadiga, K-H-A-D-I-G-A,
14 who live in Canada. The defendant's father and mother have
15 retained my firm -- this is Mr. Frisch talking -- to assist
16 Mr. Edney in his representation of the defendant and his
17 family."
18       I don't believe the government was copied on that
19 letter. I am not sure if they have a copy of it. But, the
20 point or one point I am going to make is that this letter is
21 contrary to a letter dated May 2, 2017 that was sent to public
22 defenders, in particular Mr. Patton which I will come back to
23 later, but in that letter Mr. Wright wrote and said, "Thank you
24 for facilitating the meetings between your client -- that would
25 be Mr. Bahnasawy -- and me -- Mr. Wright that would be --

1   pursuant to his request, based on my discussions with him and
2   in light of the information provided to me -- this is
3   Mr. Wright talking -- I wish to inform you that if so requested
4   by your client -- that would be Mr. Bahnasawy -- I would
5   respectfully decline to represent him. We wish you and your
6   client the very best.
7         So, also by letter dated August 23, 2017, Ms. Shroff
8   wrote to me that Mr. Bahnasawy informs us, namely public
9   defenders, that he has never authorized Mr. Edney to represent
10  him in any capacity and Mr. Bahnasawy does not in fact wish to
11  consult with these attorneys, but he seeks no assistance from
12  the Court in this regard. Ms. Shroff said further that
13  Mr. Bahnasawy is, of course, free to contact and consult with
14  prospective counsel. He has access to phone, e-mail, and mail
15  in general in the general population at MCC and can certainly
16  reach out to other counsel, if he wishes.
17        That's another point I want to underscore. I have
18  always said, and I think so has the government and defense
19  counsel understood, that if Mr. Bahnasawy wanted other lawyers
20  he would have the right to retain them.
21        It is my further understanding that Mr. Bahnasawy --
22  well, let me say for the record, too, that as recently as
23  yesterday in a ex parte conversation that I had with
24  Mr. Bahnasawy, he confirmed to me that he wished to continue
25  with public defenders and not have other counsel.

XH965bahC             SEALED - DO NOT DOCKET

1      Is that a correct understanding of our conversation
2  yesterday?
3      THE DEFENDANT:  Yes.
4      THE COURT:  So, it is my further understanding that
5  Mr. Bahnasawy has been visited regularly, as I said before
6  several times per week, if not more often, since the inception
7  of the case by the Federal Defenders and/or members of its
8  defense team including mental health professionals.  And
9  incidentally, what I said before about his being alert, clear,
10 informed, and responsive during the case and in particular in
11 conversations with me, I understand and know, and so do you all
12 that there are -- he has some issues, mental health issues and
13 drug-related issues and in my opinion those have not -- this is
14 as a layman -- impaired his ability to interact with me in the
15 manner that I have described.
16     It is further the Court's understanding that Federal
17 Defenders office is acutely aware of the defendant's legal,
18 physical, and mental health needs and has done, in my opinion,
19 everything in its power to ensure that Mr. Bahnasawy is
20 receiving appropriate treatment and, again, often with the help
21 and assistance of the government counsel as well as MCC
22 attorney Adam Johnson.
23     The Sixth Amendment affords a defendant to have the
24 right to have the assistance of counsel for his defense.  One
25 cite is *United States v. Napoli*, 2010 Westlaw 1687669, an

XH965bahC                SEALED - DO NOT DOCKET

1   Eastern District case from 2010.  The law also is to this
2   effect that while the right to select and be represented by
3   one's preferred attorney is comprehended by the Sixth
4   Amendment, the essential aim of the amendment is to guarantee
5   an effective advocate for each criminal defendant rather than
6   to ensure that a defendant will inexorably be represented by
7   the lawyer whom he prefers.  In this case it seems to me that
8   both goals are met, that is to say he has a strong advocate in
9   the public defenders that is also, in particular,
10  Ms. Shroff and Mr. Habib.  Those are also the lawyers whom he
11  has stated he preferred.
12          In determining whether the right to choose counsel of
13  his choosing should be honored in a particular case, we balance
14  the defendant's constitutional right against the need to
15  preserve the highest ethical standards of professional
16  responsibility.  The cite is United States v. Cunningham, 672
17  F.2d 1064, a Second Circuit case from 1982.  As I said before,
18  every time the issue has arisen, Mr. Bahnasawy has stated that
19  he wished to have Ms. Shroff and Federal Defenders generally as
20  his counsel.  They, in turn, have made it clear that they
21  represent the interests of their client, Mr. Bahnasawy, and
22  that they serve at the pleasure of the client.  Federal
23  Defenders has also made clear that the defendant can consult
24  with and retain any attorney of his choosing.  So, but a little
25  more background, just so the issue will be fleshed out.

XH965bahC              SEALED - DO NOT DOCKET

          Back in August, 2016, there was, I think, the first
discussion that I was aware of that counsel and defendant had a
letter dated August 8, 2016 from Barry Coburn of Coburn &
Greenbaum on behalf of Mr. Coburn and, again, Mr. Edney.  In
the August 8 letter Mr. Coburn stated:  "I am not counsel in
this case but have been contacted by the defendant through his
parents.  Mr. Bahnasawy's parents have repeatedly conveyed to
me Mr. Bahnasawy's request that I and a Canadian barrister,
Dennis Edney, visit him in order to consult with him about his
pending case and to discuss the possibility of engagement as
his retained counsel."  Adam Johnson, whom I have mentioned
before who is an attorney for BOP and is very familiar with
this case, was also present at the conference.  He advised the
Court that BOP could and would make whatever arrangements were
necessary for other attorneys to visit with Mr. Bahnasawy.
During that conference, Mr. Bahnasawy advised the Court that he
had not spoken to Attorneys Coburn and Edney.  He also advised
the Court that he did not wish to have Attorneys Coburn and
Edney represent him and that he was satisfied with the
representation he was getting from Ms. Shroff.

          So then in September, in particular September 19,
2016, I held a conference and discussed a letter dated
September 13, 2016, from Federal Defenders indicating that
Mr. Bahnasawy wished to substitute counsel.  Attorneys Coburn
and Edney were not present at that time.  Assistant U.S.

XH965bahC                    SEALED - DO NOT DOCKET

1   Attorney Turner advised the Court that the government reached
2   out to Mr. Coburn, advised Mr. Coburn of the conference.
3   According to Mr. Turner, over the course of the weekend prior
4   to the conference Mr. Coburn informed the government that he
5   would not be participating in today's proceeding -- that's the
6   September 19 conference -- because he is not engaged as
7   counsel, at least not yet, and that he is not in a position, at
8   this point, to appear in the case.
9           When asked by the Court if Mr. Coburn was also
10  speaking on behalf of Mr. Edney, Mr. Turner stated:  "Your
11  Honor, the communication involved both Mr. Coburn and
12  Mr. Edney."  Defendant advised the Court that he thought it
13  would be a matter of days before Coburn and Edney entered the
14  case.  He also advised the Court that his request to change
15  counsel at that point in time was because his parents wanted
16  him to change lawyers.
17          Mr. Johnson, of BOP, provided the Court with a BOP
18  inmate request to staff memo in which he stated -- which
19  Mr. Bahnasawy stated that he would like to keep the case going
20  with Sabrina until very Barry Coburn and Dennis Edney arrived.
21  And I inquired of Mr. Bahnasawy as follows, and this is the
22  colloquy that we heard at that time.
23          So, first I asked:  By 'Sabrina,' you mean Ms. Shroff
24  of the public defenders?
25          That was the question, and Mr. Bahnasawy answered:

```
XH965bahC              SEALED - DO NOT DOCKET
```

1  "Yes."
2          Then I asked: "Does it mean that you wish to keep her
3  on as your attorney as she has been up until now?"
4          And Mr. Bahnasawy answered: "Yes."
5          Then I asked: "Along with public defenders, the
6  organization?"
7          He answered: "Yes."
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

XH965bahC         SEALED - DO NOT DOCKET

23           On October 11, 2016, I held a conference and was
24   provided copies of four BOP inmate request to staff memos
25   written by Mr. Bahnasawy to Adam Johnson.  In those memos

XH965bahC                SEALED - DO NOT DOCKET

1   Mr. Bahnasawy stated the following:  "I don't want Dennis Edney
2   to visit me anymore and I want to keep Sabrina as my lawyer.  I
3   do not want to meet Dennis Edney or any other lawyers working
4   with him and I want to move to 11 North.  Thanks.  I do not
5   want to meet with attorneys Jason Wright or Barry Coburn.  I do
6   not want visits from Dennis Edney or any lawyers he brings and
7   I want to move to 11 North."
8           The Court was also advised during this conference that
9   Mr. Bahnasawy had met and then refused subsequent legal visits
10  from one or more of these potential additional defense counsel.
11          As you all know, a guilty plea was entered on October
12  13, 2016 to seven counts or charges, and then skipping to 2017
13  during a conference on April 25, 2017, Mr. Bahnasawy advised
14  the Court -- this was during an ex parte conversation -- that:
15  "I just wanted to change my lawyers to Jason Wright and Dennis
16  Edney because my parents wanted me to do it and I don't find
17  them as bad lawyers so I have no problems with changing."
18          And I stated:  "Ultimately, though, Mr. Bahnasawy does
19  have the right to change counsel but I can't render him pro se
20  today -- that was the date of the conference -- and bring in
21  Mr. Edney.  Mr. Edney was not present.  I don't have any
22  objection to setting up a visit between -- so, counsel visits
23  are excluded, I'm sure, from the 18-month ban that had been
24  imposed on Mr. Bahnasawy with respect to visitation because of
25  infractions at the MCC."

XH965bahC                SEALED - DO NOT DOCKET

        I added: "So, I don't think it is wise, first of all, for me to fire or for you to fire Ms. Shroff today and then be without counsel. So, what I would propose to do is to continue your representation by Ms. Shroff to arrange or try to arrange a family visit to try to arrange for Mr. Wright to come and speak with you, and then to have you back here after that's happened and see where things stand." That's in the April 25, 2017 transcript at pages 38 and 39.

        Mr. Bahnasawy also advised the Court: "If you can leave her, Ms. Shroff on, and have the two other lawyers on too, that would be the best."

        Ms. Shroff Responded: "We serve at the pleasure of the client."

        At the April 25 conference, after some ex parte discussion with defense and separately with the government I stated: "I would like to have, as soon as possible, a visit arranged with Mr. Bahnasawy and his parents, and also, as soon as possible, a visit arranged with Mr. Bahnasawy and attorneys Jason Wright and/or Dennis Edney. And then, following that, I would like to have another conference here in the courtroom and I am open and welcome to have his parents be at that conference and to have Messrs. Wright and/or Edney also be at that conference."

        "So, let me just tell you what motivates this plan" -- this is the Court talking. "My first motivation is the

XH965bahC                SEALED - DO NOT DOCKET

1  well-being of Mr. Bahnasawy.  In my mind, that comes first and
2  by that I mean his physical well-being, his emotional
3  well-being, and his legal well-being.  My second principal
4  consideration is to safeguard the integrity of these
5  proceedings in this case and that includes Mr. Bahnasawy's
6  right to be represented by effective counsel of his choice."
7           So, that really is the history.  That brings us up to
8  the time of May 2, 2017, which I mentioned earlier today when I
9  got the letter from Mr. Wright that says:  "Thank you for
10 facilitating the meetings between your client and me pursuant
11 to his request.  Based on my discussions with him and in light
12 of the information provided to me, I wish to inform you that if
13 so requested by your client, I would respectfully decline to
14 represent him.  We wish you and your client the very best."
15          So, that really brings us up to date.  Does anybody
16 want to comment on anything I have said, or correct, or add to?
17          MR. TURNER:  Not from the government, your Honor.
18          MR. HABIB:  No, your Honor.
19          THE COURT:  Mr. Bahnasawy, did I get it right?
20          THE DEFENDANT:  Yes.
21          THE COURT:  So, I think that brings us to today.
22          Going forward, to the extent that we open the
23 courtroom, which is likely certainly, Messrs. Edney, Wright,
24 Frisch are welcome to attend as part of the public if they wish
25 to do so, and obtain whatever is on the public docket.  That

XH965bahC                SEALED - DO NOT DOCKET

1    won't take place before September 14 or whenever we implement
2    the sealing/unsealing determination that was made yesterday.
3         So, I don't have anything to add to that.
4
5
6
7
8
9
10
11
12
13
14         THE COURT:  I prefer not do it piecemeal.  I would
15   rather you all work hard and get the whole package together and
16   then we do it at the same time.  So, it is not very far off,
17   actually, I think we said September 14.  So, I will, without
18   prejudice, deny that application for the moment.  If you want
19   to raise it again, things are going slowly etc., etc., I will
20   give it some more consideration.  But, for the moment, I think
21   we should try and get it all done at the same time.
22         Anything else from the defense?
23         MS. SHROFF:  Could I have one second, please?
24         (Defendant and counsel conferring)
25         MS. SHROFF:  Nothing further.

XH965bahC    SEALED - DO NOT DOCKET

1    THE COURT: Okay. So unless I hear from you and you
2  do need any help, we will schedule a conference between now and
3  the sentencing date that we talked about yesterday. Okay?
4    MS. SHROFF: Thank you, your Honor.
5    MR. TURNER: Thank you, your Honor.
6    THE COURT: Thanks very much.
7                o0o