THE LAW OFFICES OF
# ANDREW J. FRISCH, PLLC

40 FULTON STREET
23rd FLOOR
NEW YORK, NEW YORK 10038
(212) 285-8000
FAX: (646) 304-0352

JASON D. WRIGHT
ADMITTED IN NEW YORK, VIRGINIA
AND THE DISTRICT OF COLUMBIA
OF COUNSEL

November 6, 2017

BY ECF
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *United States v. Abdulrahman El Bahnasawy*
          *Criminal Docket No. 16-376 (RMB)*

Dear Judge Berman:

      We write in advance of tomorrow's scheduled conference in the above-referenced case to advise the Court of our view of an appropriate inquiry of Mr. Bahnasawy on his application for substitution of counsel.

      The only issue on the pending application for substitution of counsel is whether Mr. Bahnasawy's current desire to change counsel is unequivocal when he previously was equivocal, leading to my Office's earlier decision not to enter the case. We believe Mr. Bahnasawy's current position is unequivocal; we have no basis to believe to the contrary. More, as the Court was advised at last week's conference, Mr. Bahnasawy's decision is unequivocally supported by his current counsel, who urged the Court to permit the substitution. We propose that the Court ask Mr. Bahnasawy if he wishes to be represented by me and Mr. Wright, and if he wishes that we be substituted as his counsel. Upon determining that Mr. Bahnasawy in fact wishes to change counsel, his choice of counsel should be respected, and no further inquiry is required or appropriate.

      We have conferred with the government about its proposed inquiry, which it will separately file, but we believe that its proposed inquiry is neither appropriate nor required under the circumstances of this case and would unduly interfere with Mr. Bahnasawy's right to counsel, right to counsel of his choice, and his attorney-client privilege. My office has represented Mr. Bahnasawy's parents *solely and exclusively* in their role as parents concerned about the welfare of their son. My office has not and does not represent them in any other capacity, nor have we have ever been aware that they would need counsel in any capacity; there is no conflict, actual or potential. More, unlike cases where a defendant's representation is funded by a co-conspirator or non-family third party, the people who will be funding Mr. Bahnasawy's defense are his mom and dad; the purported basis for the

government's proposed inquiry does not apply.

      We would not appear in this case if we believed that Mr. Bahnasawy's interests would be compromised in any way; the government is at least constructively aware of our professional representations for ethical, excellent and committed representation. For eleven of my thirty-three years practicing criminal law in New York, I was an Assistant United States Attorney in the Eastern District, and am currently a member of the CJA panels of the Second Circuit and Southern and Eastern Districts. As detailed military counsel from the United States Secretary of Defense, Mr. Wright represented prisoners at Guantanamo Bay charged with the type of conduct alleged in this case. Similarly, Mr. Edney, who we consult on foreign legal issues, was appointed by the United States government as a foreign attorney consultant to participate in the defense of a prisoner at Guantanamo. He is a Bencher of the Law Society for Alberta, a Canadian organization that protects the public interest in the administration of justice by setting and enforcing standards of professional conduct for lawyers.

      As noted last Thursday, we support the Court's interest in a limited inquiry of Mr. Bahnasawy to ensure that he in fact wishes to change counsel. But we object to the type of intrusive and unconstitutional inquiry proposed by the government.

      Respectfully submitted,

/s/
Andrew J. Frisch

cc: George Turner
    Negar Tekeei
    Sabrina Shroff