Hb2WbahC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4              v.                           16 Cr. 376 (RMB)

5

6  ABDULRAHMAN EL BAHNASAWY,

                                            Conference
7              Defendant.

8  ------------------------------x

9                                           New York, N.Y.
                                            November 2, 2017
10                                          9:30 a.m.

11

12 Before:

                       HON. RICHARD M. BERMAN,
13
                                            District Judge
14

15                        APPEARANCES

16 JOON H. KIM
        Acting United States Attorney for
17      the Southern District of New York
   NEGAR TEKEEI
18 GEORGE D. TURNER
        Assistant United States Attorneys
19
   DAVID E. PATTON
20      Federal Defenders of New York, Inc.
        Attorney for Defendant
21 SABRINA P. SHROFF
        -and-
22 ANDREW J. FRISCH
   JASON D. WRIGHT
23

24

25

Hb2WbahC

```
 1              (Case called)

 2              THE COURT:  Please be seated.  You are ready to go?

 3              MS. SHROFF:  We are, your Honor.

 4              I've turned over the file and Federal Defenders seek

 5     to be relieved at this time.  There is a notice of

 6     appearance --

 7              THE COURT:  Well, well, well, we have a few

 8     preliminary issues before that can happen in my opinion.

 9              But first I welcome, it's Mr. Frisch and Mr. Wright?

10              MR. FRISCH:  That's correct, your Honor.

11              Good morning.

12              THE COURT:  Good morning.  Nice to see you.

13              And I think yesterday or very recently you had filed a

14     notice of appearance in this case, is that right?

15              MR. FRISCH:  That's correct.  We filed a notice of

16     appearance yesterday, your Honor.

17              THE COURT:  So there are a few issues and I'm almost

18     certain they are not going to be resolved all today but there

19     are a few issues.  You're certainly welcome to this proceeding.

20     The status, just so you know, is I'm not relieving the Federal

21     Defenders at this time.  So we are going to have at least for

22     the moment co-counsel.

23              Here are some of the issues that I think need to be

24     resolved.  First of all, we, earlier in these proceedings were

25     aware, that you two, let's say defense counsel, incoming
```

Hb2WbahC

1  defense counsel, had the opportunity, were given opportunity to

2  meet with Mr. El Bahnasawy while incarcerated and determine

3  whether or not you are going to represent him because this

4  issue has come up several times during the course of these

5  proceedings.  And then ultimately you wrote Mr. Patton the

6  following letter on May 2, 2017.  It says:

7          Dear Mr. Patton, thank you for facilitating meetings,

8  plural, between your client -- which would be Mr. El

9  Bahnasawy -- and me pursuant to his recent request.  Based on

10 my discussions with him and in light of the information

11 provided to me, I wish to inform you that if so requested by

12 your client, I would respectfully decline to represent him.

13         We wish you and your client the very best.

14         Signed, Jason Wright.  And the heading of the letter

15 is on the Law Offices of Andrew J. Frisch.

16         So I need to understand what is happening here since

17 as I say we went back and forth.  So that's one issue which

18 goes really to Mr. El Bahnasawy's intention and interests in

19 being represented by you.

20         I did also get as you know a letter for him that's

21 dated September, I think it's 24.  I'm not sure if I got the

22 date right or maybe 27.  But in any event, it says:

23         Dear Judge Berman, I'm writing this concerning the

24 issue about my representation.  My mom and dad came to visit me

25 last Friday and were very distressed and sad about me not

Hb2WbahC

1     granting permission for added counsel Dennis Edney -- which by

2     the way, we need to cover for Edney briefly -- Mr. Jason Wright

3     and Andrew Frisch.  My mom was crying and begging me and I feel

4     too bad to be doing this to them.

5          I also now think that granting these lawyers, Dennis

6     and his team, permission to enter the case by visiting me,

7     talking in court and getting case files would be of no harm but

8     actually to my benefit.

9          I also really don't want to see my parents in this

10    horrible state.  So I please ask you, namely me, to let Dennis

11    Edney and his team enter the case alongside the Federal

12    Defenders as was requested by them in their letter to the

13    Court.

14          This would be greatly appreciated.

15          So I have had this case for a long time and we have

16    had an extraordinary number of appearances and conferences and

17    I think I have a fair -- more than a fair -- I have an intimate

18    understanding of Mr. El Bahnasawy and the issues in this case

19    and I just want to make sure that whatever I do protects the

20    integrity of these proceedings going forward.

21          I should point out incidentally, as you probably know,

22    I also took Mr. El Bahnasawy's plea on or about October 13,

23    2016, and as you also know, we're heading to sentencing on

24    December --

25          Ms. Shroff, correct me.

Hb2WbahC

```
1          MS. SHROFF:  12th, your Honor.

2          THE COURT:  December 12, 2017.

3          Anyway, that's some of the background.  So I need to

4    be certain about Mr. El Bahnasawy's intentions and your own in

5    light of the letter you've sent.

6          There is subtle issue.  I don't know if subtle is the

7    right word but a delicate one.  As far as I'm concerned, Mr. El

8    Bahnasawy can be represented by whomever he wishes.  It's come

9    up in the course of these conversations about adding new

10   counsel or not adding new counsel, two themes.  One is that he

11   always said he was happy with Federal Defenders.  And I have

12   said it on the record many times that just in my observation,

13   Federal Defenders as done everything conceivable that I've

14   experienced that a defense lawyer could do for their client

15   including through the plea.  And the plea as I said on

16   October 13, 2016 which I took myself and I thought then and

17   think now is rock solid.

18         So I want to understand your role, the parents' role,

19   woman you represent, if you represent the parents too, whether

20   there's any conflict of interest between if you do -- which I

21   think you do -- representing the parents and representing the

22   son, if their interests are aligned or if there's any

23   difference.  So that's one issue that I need to have resolved

24   rather soon.

25         MR. FRISCH:  May I, judge?
```

Hb2WbahC

```
1          THE COURT:  Yes.  And could you just preliminarily
2     tell me what, if anything, Mr. Edney, what role, if any, he
3     plays because his name has come up along with the two of you
4     and from time to time.  So I don't know where he fits into the
5     picture.
6          MR. FRISCH:  So Mr. Edney is a lawyer in Canada who
7     has expertise both with Canadian nationals and in these types
8     of cases and he was essentially consulted by Mr. El Bahnasawy's
9     parents with regard to issues regarding the defendant's
10     citizenship in Canada.  That's essentially his role.
11          THE COURT:  So he is not entering the case?
12          MR. FRISCH:  Correct.
13          THE COURT:  And he represents the parents or has?
14          MR. FRISCH:  My understanding is that he was brought
15     in to consult with the parents for the defendant.  And to the
16     extent that our appearance is permitted in the case, it may be
17     that Mr. Edney becomes a member of our team.  But that's the
18     background of how he came to be involved.
19          THE COURT:  OK.  But he, correct me if I'm wrong, was
20     probably contacted as you were by the parents in the first
21     instance?
22          MR. FRISCH:  I believe that's correct.
23          THE COURT:  Not by Mr. El Bahnasawy?
24          MR. FRISCH:  That's my understanding.
25          Your Honor, we're aware that there have been
```

Hb2WbahC

discussions over many months about the defendant's

representations and who would represent him.  We made ourselves

available.  And we are aware that there have been discussions

and his own thinking as to who he wanted to represent at a

particular point in time.

       We have made ourselves available as your Honor knows

for the correspondence with the Court and, essentially, have

allowed ourselves to be guided by what his particular interests

are even putting aside what his parents' interests may be.

Most recently he has told us unequivocally that he wishes

Mr. Wright and me to represent him and that's what brings us

here today.

       THE COURT:  Right.  So that's the change that is

causing you to sort of reverse course that you set forth in the

letter of May 2, 2017 to me?

       MR. FRISCH:  That is correct.

       THE COURT:  Or to Mr. Patton.

       MR. FRISCH:  That is correct.  It's a question of the

defendant's change of heart and his intent and his desires.  We

have been guided by those things.

       THE COURT:  OK.  And what is your role, if any,

vis-a-vis the parents or the family?  Do you represent them as

well?

       MR. FRISCH:  We have represented them.  We continue to

represent them as parents looking out for their son.  That's

Hb2WbahC

1    the extent of our representation of them.

2              THE COURT:  Right.  And so I'm not going to resolve

3    this today but so, you don't perceive that there is any

4    conflict in or potential conflict in your role as counsel for

5    the parents and also counsel for the son?  I say that,

6    particularly, in light of -- incidentally, this case had been

7    under seal and the precipitating factor of one of them in my

8    mind for unsealing the case was this change or these letters

9    about counsel.  And of course counsel asking to be able to see

10   the case file which we have started to make available to

11   everybody because we've unsealed the case and the case is now

12   public.

13             So in that file which you no doubt have seen, you've

14   seen what I have seen which is Mr. El Bahnasawy even up until

15   the time and including in his letter having an attachment for

16   Federal Defenders and Ms. Shroff.  And in particular he is

17   asking in his letter to let you all come into the case but also

18   he says "alongside the Federal Defenders".  So I don't know if

19   that's possible or feasible or how that works.  So those are

20   two of the issues that I think need to be resolved ASAP and I

21   don't know that they are going to get resolved today.

22             MR. FRISCH:  Understood, judge.  I perceive no actual

23   or potential conflict with regard to the parents.  I might add

24   that their flight is late landing at LaGuardia this morning.

25   Otherwise, they'd be here personally and they may still get

9

Hb2WbahC

1    here in time.

2            And there plainly has been an evolution of thinking in

3    Mr. El Bahnasawy's thoughts about his representation.  We

4    appreciate that all.  We can report to the Court is that his

5    interest in having us represent is unequivocal as far as we

6    know and hence, the filing of a notice of appearance.

7            THE COURT:  Are you planning to be co-counsel with

8    Federal Defenders as he requested in his letter to me dated

9    September 27, 2017?

10           MR. FRISCH:  I understand that is something that he

11   requested in the past but I do not believe that's his desire

12   now and so it is not --

13           THE COURT:  That's what it says in that letter.

14           MR. FRISCH:  I understand.

15           THE COURT:  Do you think that's changed?

16           MR. FRISCH:  I believe that's changed, judge?

17           MS. SHROFF:  May I be heard briefly?

18           THE COURT:  Yes.  Sure.

19           MS. SHROFF:  Your Honor, I cannot agree with some of

20   the factual statements made by Mr. Frisch here today.  But I

21   think at end of the day the Federal Defenders of New York will

22   not be able to be co-counsel with private counsel.  I do not

23   believe that's appropriate given the Federal Defenders'

24   commitment no serving and working for people who cannot afford

25   private counsel.

Hb2WbahC

```
1        Our office has turned over the file.  We have given
2   them, new counsel, all of the paperwork already.  Should there
3   be something we're missing, I'm sure they can reach out to us
4   or the government, complete their file and move on and
5   hopefully represent Mr. El Bahnasawy to his content.
6        THE COURT:  Yes.  So you've heard there's one issue
7   that I must get over which is there's been equivocation in this
8   case and that needs to be resolved and the issue of potential
9   conflict.  I'm not saying there is one but, historically, as
10  you all have recognized, there has been a difference of opinion
11  between the parents and Mr. El Bahnasawy.  Maybe that's now
12  totally resolved.  I don't know, we certainly have to pursue
13  that.
14       So that's where things stand.
15       MS. SHROFF:  Your Honor, Mr. El Bahnasawy is allowed
16  to choose his counsel because he wants to please himself and
17  his parents.  He is really allowed to consider doing something
18  because he values how his parents would react.
19       And frankly, Mr. El Bahnasawy deserves that kind of
20  finality.  He's a young man.  He is certainly very dear to our
21  to office and we want nothing but the best for him and letting
22  him proceed with private counsel at this point would actually
23  stop the kind of back and forth that is truly troublesome for
24  such a young man
25       THE COURT:  Yes, just because it's easiest.
```

Hb2WbahC

1          MS. SHROFF:  No.

2          THE COURT:  And I'm not suggesting we're not going to

3    get there but we are definitely methodically want to know

4    whether there's a change and the change is definitive and

5    whether or not there is a conflict situation.

6          For example, Ms. Shroff, suppose there were a

7    conflict, then what, for the point of view of Federal

8    Defenders?

9          MS. SHROFF:  You mean if there were a conflict?

10         THE COURT:  Yes.  If I did what you say, dropped you

11   out of the case, you're going gone and it turned out that there

12   is some -- and I'm not suggesting there is by the way.  There

13   may, in my mind I could see that it needs to be discussed, then

14   you come back or you don't come back?

15         MS. SHROFF:  It happens all the time.

16         THE COURT:  What, you come back?

17         MS. SHROFF:  Sure.  If the Court finds that there's a

18   conflict, should Mr. El Bahnasawy decide it's in his best

19   interests to have his old lawyers back, assist more with

20   private counsel, all of those are options available to him.

21         But personally, your Honor, having been in this

22   predicament, I fully understand for the client's sake -- and

23   there is no one who matters more than the client -- it is best

24   for him to allow him to proceed with the lawyers who are

25   sitting with him at this table.

Hb2WbahC

1        THE COURT:  I'm not suggesting that won't be the

2   outcome but there are some steps that have to be taken before

3   then.

4        MS. TEKEEI:  Your Honor, if I may, as the Court is

5   aware, the government takes no position, whatsoever, on the

6   matter of the defendant's choice of counsel beyond making sure

7   that the defendant's been made aware of his rights.  We note

8   that as the Court is aware, he has had court appointed counsel

9   since his first appearance.  We are not aware of any change in

10  his financial condition that would enable him to pay for

11  retained counsel.  And so as it is the case that a third party

12  is paying for the defense counsel, we suggest as in the

13  ordinary course that the Court, that a Curcio hearing be held

14  so that the Court can assess whether there is a potential

15  conflict with respect to the third party payor issue.

16       THE COURT:  I think you're absolutely right and that

17  is going to be the outcome of today's proceeding.  We are going

18  to set a date for such a hearing and I'm going to ask everybody

19  who wants to but ask them to do is to submit to the Court

20  questions that they would like.  Because it's in everybody's

21  interests, Mr. El Bahnasawy's, proposed new defense counsel,

22  Federal Defenders, the government and the Court and the

23  integrity of these proceedings, that we continue.  I think

24  we've done things pretty methodically up until now but we just

25  as we're heading toward the December 12 sentencing that we get

Hb2WbahC

1    it right as it were and that is my determination.

2              MS. SHROFF:  Your Honor, there is no way Mr. El

3    Bahnasawy may proceed to sentence by December 12 given this

4    flux.

5              THE COURT:  You're saying so many contradictory

6    things, Ms. Shroff.  You are saying you want out and you are

7    saying you want them in and they should be in and now you're

8    arguing that Mr. El Bahnasawy can't do a December 12.  That's

9    what the record says at the moment.  It says we are going to

10   sentence on December 12.  So before that gets disrupted we have

11   to make sure that everybody knows what they're doing and not

12   doing something just because it's expedient just because I want

13   to please my mother or you want to please Mr. El Bahnasawy or

14   whatever, whatever.

15             So there does have to be a Curcio hearing.  It does

16   have to involve the questions of third party payor but it has

17   to fundamentally have the questions that need to be asked and

18   answered with respect to previous changes of heart.  And not

19   only changes of heart but as recently as Mr. El Bahnasawy's

20   September 27 letter is a statement that he wants new counsel

21   alongside the Federal Defenders.  So all of that has to be

22   fleshed out.  I could do it quickly.  I probably could do it

23   really next week.  But I do need to see questions.  And defense

24   counsel I would like to have them submit questions that they

25   want me to pose and you as well, Ms. Shroff.

Hb2WbahC

1              So I'm not granting outgoing status to Federal

2      Defenders.  We do have and we welcome counsel here but we have

3      to do this in the correct way.

4              (Continued on next page)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Hb2Wbah2

1          MR. FRISCH:  Can I be heard on one issue, Judge?

2          THE COURT:  Sure.

3          MR. FRISCH:  I think under the circumstances --

4          THE COURT:  You understand, by the way, I'm not making

5     any comment in any way disparaging your role.

6          MR. FRISCH:  We completely understand, Judge.

7          THE COURT:  Appreciate that.

8          MR. FRISCH:  There's no question that an appropriate

9     inquiry of Mr. Bahnasawy needs to be made in light of the

10    inconsistent statements, and we're saying it's completely

11    understandable; we're completely on board by that.  To the

12    extent that we can help by proposing questions in advance,

13    we'll certainly participate in that exercise.

14          With regard to a Curcio, government counsel told me

15    before we started today about their view that when a third

16    party pays for fees, there necessarily needs to be a Curcio

17    hearing.  I've been doing this for 30 years, and I don't

18    purport to know every aspect of the law, I don't think that's

19    right.  Counsel gave me a case, and they'll give me others if

20    there are; I'm happy to look at them.  I think parents of a

21    defendant have the right to pay for the representation of their

22    child without the need of triggering a Curcio hearing, so I'd

23    ask the Court to give us an opportunity to look at the

24    authority presented to us by the government so we can take a

25    position on that.

Hb2Wbah2

```
 1              THE COURT:  Whether we call it a Curcio, or whatever
 2     we call it, we are going to do inquiry with questions, and if
 3     third-party payor is an aspect of it, in my mind, because of
 4     the potential, based on the historical record, difference of
 5     opinion, let's say, and I don't know if it's a conflict of
 6     interest between Mr. Bahnasawy and his parents, but I know he
 7     had been very diligent in trying to walk the line of respecting
 8     his parents and doing what they wish, but I know historically
 9     he's also been very close to Ms. Shroff and the Federal
10     Defenders and has always indicated to me that he likes having
11     them as counsel.  That's the thrust of the inquiry.
12              If the government has some questions that have to do
13     with third-party payor, and I've asked questions along those
14     lines in the past too, so be it.  It doesn't hurt.  It's really
15     whose interests and what interests they have had or will have
16     that I'm driving at.
17              And by the way, I don't recall, and it doesn't matter
18     because it's history now, at the very, very beginning, when I
19     got the case, the Federal Defenders was already attached.  I
20     don't know what, if anything, happened in magistrate's court,
21     but I think that's historical, and I'm not concerned about
22     that.
23              MS. SHROFF:  Your Honor, we were just assigned as
24     regular --
25              THE COURT:  Yes, that's what I assume.
```

Hb2Wbah2

1          Let's assume, hypothetically for the moment, that we

2     get over this by this inquiry that we do and we move forward,

3     do you have any plan, based on what you've seen so far in the

4     record, of what you want to do?  We do have the sentencing on

5     for December 12.  It was extended.  It was an earlier date at

6     one point, but I think it was extended at the request of

7     Federal Defenders.

8          MR. FRISCH:  Your Honor, we understand the Court's

9     interest and the government's interest in expedition.  There is

10    a date set for sentencing of December 12, and we realize that.

11    At the same time, we just received from the Federal Defenders a

12    flash drive, which I understand contains the file, their file,

13    whatever discovery was provided, and certainly we need to

14    review that before we can take a position as to scheduling.

15         What we would propose is to give us an opportunity to

16    look at the file and the discovery, appear before the Court

17    again, after the inquiry that your Honor described, appear

18    before the Court as scheduled on December 12 and report to the

19    Court where we think we are with regard to scheduling,

20    understanding the Court's interest in moving quickly.

21         THE COURT:  OK.

22         MS. SHROFF:  Your Honor, the file was also turned over

23    yesterday.  Mr. Bahnasawy has a complete copy of the file in

24    its entirety.

25         THE COURT:  Yes, I understand.  I think I may have in

Hb2Wbah2

1   one of my endorsements suggested that you start looking at the

2   file as I was unsealing it and as the records were becoming

3   available to you.  But there probably are, no doubt, more and

4   obviously you should have every opportunity to know everything

5   that's happened in the case if you're going to be counsel in

6   the case, as you are.  That's my preliminary thinking.

7         I would like the government to submit questions that

8   they want posed vis-à-vis the counsel situation.  It would be

9   helpful if those questions went beyond just the financial

10   "who's paying" thing, but also the issues that I've surfaced

11   which are potential conflicts of interest or expressed

12   differences of opinion in the past and also incoming counsel's

13   earlier, May 2 letter saying that they would respectfully

14   decline to represent him, even if he asked.  That's a big

15   change, so I would like to make sure we just get everything

16   narrowed down.

17         MS. TEKEEI:  We can certainly do that, your Honor.

18   When would you like to have those questions?

19         THE COURT:  What's realistic for you to be able to do

20   your share of that?

21         MS. TEKEEI:  We can have something by the end of the

22   week.

23         THE COURT:  Great.  Do you all anticipate filing

24   questions you would like me to ask?  I think it would be in

25   everybody's interests to be as thorough in this proceeding as

Hb2Wbah2

1    possible.

2            MR. FRISCH:  I think, your Honor, it might be a good

3    idea if the government and we work together.

4            THE COURT:  Fine.

5            MR. FRISCH:  We may not come to agreement on every

6    question, but perhaps that should be our first step, to see if

7    we can agree, and then if we can't, we can submit those

8    letters.

9            THE COURT:  Supplement, OK.  How much time do you

10   need?  They'll have questions available by the end of the week.

11           MR. FRISCH:  It seems to me we can confer with them in

12   the next few days and hopefully get something to your Honor by

13   the end of the week.

14           THE COURT:  I think that would be tomorrow.

15           MR. FRISCH:  That would be tomorrow.  I think we can

16   do it.

17           THE COURT:  OK.

18           MS. TEKEEI:  We can submit our proposed questions to

19   defense counsel by the end of the day tomorrow, and hopefully

20   then by Monday, we'll have a joint proposal for the Court as

21   well as potential areas of conflict.

22           THE COURT:  Likely I think we're talking about midweek

23   realistically, for everybody.

24           Ms. Shroff, I can think of a scenario where it would

25   be in your interest also to submit questions as you are exiting

Hb2Wbah2

1    or seeking to exit the case, to make sure that all the T's are

2    crossed and I's are dotted, but you don't have to.

3           MS. SHROFF:  Your Honor, our office's position is

4    whatever Mr. Bahnasawy wants, Mr. Bahnasawy should have.  He

5    has made clear to us as well for whatever reasons, reasons are

6    immaterial, he wants to change counsel, and I don't think we

7    will have any questions, but I'm happy to make myself available

8    to the government and to incoming counsel so that our

9    availability is present for the Court.

10          THE COURT:  Great.  Is it your understanding that he's

11   changed his view even from September 27?  He always in the past

12   when the issue came up said at the very least sometimes he

13   wanted to stay with Federal Defenders very definitively, and

14   other times he said, and I think I understand this, by the way.

15   I understand that he's responding to his family, and he's a

16   young man, so that's not inappropriate, but he also always more

17   often said that the best of all worlds would be to have both

18   you and incoming counsel.

19          Has that changed, in your opinion?

20          MS. SHROFF:  I do think that's changed, your Honor.

21          (Counsel and defendant conferred)

22          MS. SHROFF:  I do think that's changed, and I

23   honestly, genuinely believe the reasons are immaterial.  If he

24   wants to make a change, he should be allowed to make a change.

25   And just let me say, finality is good for him.

Hb2Wbah2

1              THE COURT:  Yes, but I have somewhat of a different

2       role and a different perspective, and expediency is not at the

3       top of my list.  Getting it right is No. 1.  Respecting his

4       wishes is also at the top of the list, but if you have any

5       questions, it would be helpful to have you insert them in the

6       government's or supplement.

7              MS. SHROFF:  Sure.

8              THE COURT:  OK.

9              MS. SHROFF:  Your Honor, I want to say one thing.

10      It's not expediency.  I just want to say that, because he

11      should be able to, it's good for him to resolve it.  It's not

12      expedience; it's for the client.  That's all.  I understand

13      what the Court's saying, but look, given the schedule that

14      you've set, I think this will be expedient anyway.

15             THE COURT:  OK.  If it is, so much the better, of

16      course.

17             Are you available -- I hope you are -- Tuesday at 1

18      p.m. for further hearing to pose the questions?  Does that work

19      in your schedules?

20             MR. FRISCH:  Tuesday's what date?

21             MS. SHROFF:  The 7th, Election Day, according to the

22      calendar.  Is that a holiday, or is that some other year?

23             THE COURT:  It may well be.  Is that a court holiday?

24             MS. SHROFF:  I don't see it as a court holiday.  It

25      just says Election Day in my calendar, but I'm fine at 1L00.

Hb2Wbah2

| 1 | MR. FRISCH:  November 7, I have an earlier appearance |

1              MR. FRISCH:  November 7, I have an earlier appearance

2    before Judge Wood, but I should be free by 1:00.

3              THE COURT:  OK.  She's in the building here.  You mean

4    Judge Wood be in the building here?  You'll be in the building.

5              MR. FRISCH:  I'm sorry, your Honor.

6              THE COURT:  You'll be in the building for that

7    appearance?

8              MR. FRISCH:  Yes, your Honor.

9              THE COURT:  Does 1:30 help you?

10             MR. FRISCH:  It might be a prudent thing to put it on

11   for 1:30.

12             MS. TEKEEI:  Your Honor, the government will be

13   prepared to proceed.  I will note that part of government

14   counsel will not be available at 1:00.  Later in the afternoon

15   would be better for us if the Court's schedule does permit

16   that.

17             THE COURT:  Could one of you be here at 1:30?

18             MS. TEKEEI:  Yes, but both of us can't.

19             THE COURT:  You both can't.

20             MS. TEKEEI:  That's correct, your Honor.

21             THE COURT:  Until when?

22             MS. TEKEEI:  May I just have one moment, your Honor?

23             MR. WRIGHT:  Your Honor, as well, during this brief

24   recess, I will not be available on Tuesday at 1:30, but

25   Mr. Frisch will be here.

Hb2Wbah2

1          THE COURT:  Is that OK?

2          MR. FRISCH:  Yes.

3          MS. TEKEEI:  Your Honor, obviously we don't want to

4    impose on the Court's schedule, but 3:00 would be better for

5    both of us.

6          THE COURT:  I think I'm going to go with the 1:30.  I

7    always prefer to have all of you here, but I think we can

8    accomplish what we need to accomplish on Tuesday at 1:30.

9          MS. TEKEEI:  Thank you, your Honor.

10          THE COURT:  I'm going to ask that by Monday at 3 p.m.

11    I have all of your questions, either in one document or if

12    there are supplements.

13          MS. TEKEEI:  I'm sorry.  What time was that, your

14    Honor?

15          THE COURT:  Monday at 3.

16          MS. TEKEEI:  At 3?

17          THE COURT:  Yes.

18          MS. TEKEEI:  Thank you.

19          THE COURT:  Has anybody got anything they want to add?

20          MS. TEKEEI:  Your Honor, just for clarification,

21    Mr. Frisch mentioned that he would like the December 12 date to

22    be a status conference.  The government obviously would like to

23    proceed to sentencing as expeditiously as possible.  We would

24    like some clarity.  We would like to prepare for sentencing and

25    to be going forward with sentencing as quickly as possible, but

Hb2Wbah2

1    in terms of what the Court intends to do, given that there are

2    some deadlines coming up for submissions, if you could provide

3    us with some clarity about what you think would happen on

4    December 12.

5              THE COURT:  As you're meeting and conferring with

6    respect to these questions, maybe you could meet and confer

7    with respect to what is anticipated in terms of dates and

8    submissions, etc., etc., and maybe on Tuesday you could apprise

9    me of that as well.

10             I don't know that you'll be able to go through that

11   whole thumb drive between now and then, but you'll probably

12   have a better understanding of how much time you need and what

13   you are proposing to do in that time.

14             Is that fair?

15             MS. TEKEEI:  We can do that, your Honor.

16             MR. FRISCH:  And we'll do our best, your Honor.

17             THE COURT:  All right.

18             I know there's something humorous that could be said

19   here.  Now, I don't know who would say it, Ms. Shroff or me,

20   but I think it's better left unsaid.

21             I'll see you all on Tuesday at 1:30.

22             MS. TEKEEI:  Thank you, your Honor.

23             MR. FRISCH:  Thank you, your Honor.

24             MS. SHROFF:  Thank you, your Honor.

25                         (Adjourned)