```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                  New York, N.Y.

           v.                              16 Cr. 376 (RMB)

ABDULRAHMAN EL BAHNASAWY,

           Defendant.

------------------------------x
                                           November 21, 2017
                                           12:55 p.m.

Before:

                   HON. RICHARD M. BERMAN,

                                           District Judge


                         APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
BY:   NEGAR TEKEEI
      GEORGE D. TURNER
      Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY: SABRINA P. SHROFF

ANDREW J. FRISCH
     Attorney for Defendant
```

1           (Case called)
2           THE COURT:  Please, be seated.
3           Did anybody want to add anything to the record?  I did
4   get a letter from Ms. Shroff today I think dated November 21,
5   2017, so that's part of the file as well.
6           Does anybody want to say anything else or do you want
7   me to rule?
8           MS. TEKEEI:  We have nothing to add, your Honor.
9   Thank you.
10          MR. FRISCH:  Your Honor, I have nothing to add.
11          As we have said, we are aware of the background and
12  the history of what's happened in this case and we understand
13  your Honor's concerns, and we entered a notice and have asked
14  to be substituted as counsel understanding the history but
15  convinced that Mr. El Bahnasawy wants to make this change.
16          MS. SHROFF:  No thank you, your Honor.
17          THE COURT:  So, here is the ruling.  I have written it
18  out, I think I will read it into the record.
19          Having considered the entire, very extensive record in
20  this case including, without limitation, the filings of counsel
21  that includes both Federal Defenders and new counsel, and also
22  the filings of Mr. El Bahnasawy and the various hearings and
23  oral presentations, my determination is as follows:
24          The issue before the Court is the application to
25  replace defense counsel in the form of Federal Defenders,

1   Ms. Shroff in particular, with privately retained counsel,
2   Jason Wright and Andrew Frisch.  I have concluded that Federal
3   Defenders should not be relieved and shall remain equally
4   responsible as co-defense counsel to Mr. El Bahnasawy, along
5   with Jason Wright and Andrew Frisch who were retained by
6   Mr. El Bahnasawy's parents and will be continued to be paid by
7   his parents.
8            This arrangement is in accordance, in my judgment,
9   with Mr. El Bahnasawy's wishes historically, and historically
10  includes as recently as his letter to me, to the Court dated
11  September 24, 2017.  The Court is exercising its authority to
12  ensure that the defendant, who recently turned 19 years of age
13  and is a citizen of Canada, continues to receive adequate and
14  appropriate legal representation including respect for
15  defendant's right to select counsel of his choosing while also
16  respecting his desire to adhere to the wishes of his parents
17  who have been urging him to retain Messrs. Frisch, Wright, and
18  for that matter, Mr. Edny.
19           The Sixth Amendment to the United States Constitution
20  affords a defendant the right to have the assistance of counsel
21  for his defense.  I am quoting the Sixth Amendment.  I cite to
22  you also Wheat v. United States 486 U.S. 153, a case from 1988
23  which states, among other things:  Thus, while the right to
24  select and be represented by one's preferred attorney is
25  comprehended by the Sixth Amendment, the essential aim of the

1   amendment is to guarantee an effective advocate for each
2   criminal defendant rather than to ensure that the defendant
3   will inexorably be represented by the lawyer whom he prefers.
4            Federal Defenders, as co-counsel, make sense in this
5   context and legal sense.  The Court has also reached this
6   decision by considering the important need to respect the
7   integrity of these proceedings.  In U.S. v. Cunningham, the
8   Court stated:  In determining whether the right of the accused
9   to counsel of his choosing should be honored in a particular
10  case, we must balance the defendant's Constitutional right
11  against need to preserve the highest ethical standards of
12  professional responsibility.
13           The Court notes that Mr. El Bahnasawy's sentencing is
14  imminent, it is to be held on December 12, 2017.
15           The Court held a thorough Curcio hearing on November
16  7, 2017, and has also held many conferences and received
17  written communications from all concerned including
18  Mr. El Bahnasawy himself.  The Court has carefully reviewed all
19  of the factors that go into such an important decision and the
20  Court notes that Federal Defenders have represented
21  Mr. El Bahnasawy since the inception of this case and, in the
22  Court's view, and as confirmed on numerous occasions by
23  Mr. El Bahnasawy, has throughout the case conducted a thorough
24  and dedicated defense including visiting Mr. El Bahnasawy while
25  he is incarcerated, often times on a daily basis.  It also

includes the introduction of the social workers to assist the defense.  Additional factors supporting retention of Federal Defenders include the following:

      1.  Due to its sensitive nature, that is to say pending criminal investigations and proceedings and national security concerns, the case was under seal until approximately October 6, 2017.  The sensitivity of the case includes the apprehension of alleged co-defendants in other countries.

      2.  During that time among many other events, Mr. El Bahnasawy pled guilty on October 13, 2016 to seven counts including (1) conspiracy to use a weapon of mass destruction, namely an explosive bomb and similar device against persons and property within the United States including New York City; (2) conspiracy to commit acts of terrorism transcending national boundaries; (3) conspiracy to bomb a place of public use and public transportation system in New York City; (4) conspiracy to provide material support and resources to terrorists; (5) providing and attempting to provide material support and resources to terrorists; (6) conspiracy to provide material support and resources to a designated foreign terrorist organization, namely the Islamic State of Iran and Levant, ISIL; and (7) attempting to provide material support and resources to a designated foreign terrorist organization, namely the Islamic State of Iraq and the Levant.  And the object of crimes, as noted, was potential

1   mayhem and likely death in the New York City subway system.
2           3.  During that time Federal Defenders has fought
3   tirelessly to ensure that in addition to strong legal
4   representation, Mr. El Bahnasawy received appropriate medical
5   care, proper housing conditions, and social worker support.
6           4.  The Court is aware that throughout much of the
7   case, Ms. Shroff or a member of her staff, as I noted before,
8   visited defendant daily at the Bureau of Prisons facility to
9   check on his well-being.  In my experience, that level of
10  dedication is almost unheard of.
11          5.  Importantly, throughout the period to date,
12  Mr. El Bahnasawy has expressed very strong confidence in
13  Federal Defenders' legal representation.  He has resisted
14  several previous efforts to have them replaced by Messrs.
15  Wright and Frisch.  Indeed, as recently as September 24, 2017,
16  Mr. El Bahnasawy wrote to the Court proposing new counsel but
17  also stating, "So, I please ask you to let Dennis Edny and his
18  team enter the case, alongside the Federal Defenders."  That is
19  the letter dated September 24, 2017.  I refer you also to the
20  transcript of proceedings held on April 25, 2017 in which
21  Mr. El Bahnasawy stated, "if you can leave her" -- Ms. Shroff
22  that is, "on and have the two other lawyers on,  that too" --
23  let me read that quote again to get it right.
24          Here is the quote.  Mr. El Bahnasawy says:  "If you
25  can leave her" -- meaning Ms. Shroff -- "on and have the two

other lawyers on, too, that would be the best."

The factors supporting the Court's decision not to replace Federal Defenders with Messrs. Wright and Frisch including the following:

Messrs Wright and Frisch and other proposed counsel including Messrs. Coburn and Edny have made several overtures to enter this case going back to October 2016. On each occasion, which included meetings with the defendant Mr. El Bahnasawy, which in fact were facilitated both by the Court and by Federal Defenders, I believe at the MCC, they were rebuffed by Mr. El Bahnasawy in the would-be role of sole defense counsel in favor of Federal Defenders.

On October 11, 2016, the Court held a conference and was provided with copies of four BOP Inmate Requests to Staff memos written by Mr. El Bahnasawy to Adam Johnson, BOP legal counsel. So, Bahnasawy stated the following in these memos:

"I don't want Dennis Edny to visit me anymore and I want to keep Sabrina as my lawyer."

Another quote: "I do not want to meet Dennis Edny or any other lawyers working with him, and I want to move to 11 North. Thanks."

Another quote: "I do not want to meet with Attorneys Jason Wright or Barry Coburn."

Another quote: "I do not want visits from Dennis Edny or any lawyers he brings and I want to move to 11 North."

1          At a conference held on April 25, 2017, the Court
2  stated:  "I would like to have, as soon as possible, a visit
3  arranged with Mr. El Bahnasawy and his parents, and also as
4  soon as possible a visit arranged with Mr. El Bahnasawy and
5  attorneys Jason Wright and/or Dennis Edny.  And then, following
6  that, I would like to have another conference here in the
7  courtroom, and I am open and welcome to have his parents be at
8  the conference and to have Messrs. Wright and/or Edny also be
9  at that conference."
10         So, let me just tell you what motivates this plan.  My
11 first motivation is the well-being of Mr. El Bahnasawy.  In my
12 mind that comes first and by that I mean his physical
13 well-being, his emotional well-being, and his legal well being.
14 My second principal consideration is to safeguard the integrity
15 of these proceedings.  That includes Mr. El Bahnasawy's right
16 to be represented by effective counsel and counsel of his
17 choice.
18         Messrs. Wright and Frisch demonstrated their own
19 reluctance and ambivalence about representing Mr. El Bahnasawy.
20 Indeed, on May 2, 2017, in the letter addressed to David
21 Patton, Executive Director, Federal Defenders of New York, from
22 Jason Wright of the Law Offices of Andrew J. Frisch, Mr. Wright
23 stated:  "Thank you for facilitating the meetings between your
24 client and me pursuant to his recent request.  Based on my
25 discussions with him and in light of the information provided

1     to me, I wish to inform you that if so requested by your
2     client, I would respectfully decline to represent him.
3              "We wish you and your client the very best."
4              In addition, Messrs. Wright and Frisch face a
5     potential conflict of interest in assuming the representation
6     of Mr. El Bahnasawy because they also represent, and to my
7     understanding are paid by, Mr. El Bahnasawy's parents whose
8     interests have not always precisely aligned with the
9     defendant's interests despite what the Court assumes is a very
10    good faith effort all around.
11             As noted, new counsel are being paid by
12    Mr. El Bahnasawy's parents.  The potential conflict was the
13    subject of a Curcio hearing on November 6, 2017.  At that time
14    Mr. Edny, a Canadian attorney, advised the Court that he is
15    counsel to the defendant's parents and would only advise
16    Messrs. Frisch and Wright, as needed.
17             Up until this point in time, Messrs. Wright and Frisch
18    have not -- and this is quite understandable -- demonstrated to
19    the Court as thorough an appreciation and knowledge of the
20    record in this case as is necessary.  Defendant faces
21    sentencing on December 12, 2017 which will be enormously
22    impactful upon him and for which he must have experience and
23    knowledge of both counsel.
24             So, that is the ruling.  I am happy to hear from
25    anybody who wishes to be heard.

1             MS. TEKEEI:  Your Honor, just very briefly.

2             We understand the defendant to have waived any

3    potential conflict of interest with respect to Mr. Frisch,

4    Mr. Wright, and Mr. Edny at the Curcio hearing that happened on

5    November 7th and we just wanted to make sure that that was your

6    understanding and the parties' understanding as well.

7             THE COURT:  I don't remember, honestly, the transcript

8    at this point.  I am sure that was covered, usually it is in a

9    Curcio hearing, but I can't precisely remember if you could

10   point me to that.

11            MS. TEKEEI:  Yes, your Honor.  It is on page 45 of the

12   transcript, page 45 starting at line 3, which is where your

13   question begins and then Mr. El Bahnasawy's answer is at line

14   10.

15            THE COURT:  If you could read the question and the

16   answer?

17            MS. TEKEEI:  Yes, your Honor.

18            You asked him:  "Do you understand that if I grant the

19   application, which is that you proceed with Mr. Frisch and

20   Mr. Wright and Mr. Edny at your request, you would not be able

21   to make any argument in the future based on this potential

22   conflict of interest that I have been discussing with you,

23   namely, one based on the fact that someone other than yourself

24   is paying for your counsel?"

25            The answer was:  "Yes."

1          THE COURT:  Yes.

2          So, yes.  That usually -- I didn't remember it
3    precisely that way but that is usually what we go into at a
4    Curcio hearing of this nature, so I'm not surprised that that
5    is what the record says.

6          MR. FRISCH:  Your Honor, might I suggest that we take
7    a short break so that I can have a moment to talk both to
8    Mr. El Bahnasawy and also Ms. Shroff?  It may well be that --
9    let me stop there and ask that if we could take a break and
10   talk to the client and talk to Ms. Shroff and be right back
11   with you.

12         THE COURT:  How much time do you need?  I'm open so,
13   you know, if you need a half hour or an hour, that's fine.

14         MR. FRISCH:  I think, your Honor, if you can see clear
15   to give us 15 minutes, I think we can get a sense of where we
16   are.

17         THE COURT:  Absolutely.  Okay.

18         Do you want the government in that conversation or
19   not?

20         MR. FRISCH:  I think not.

21         THE COURT:  Probably not.  Okay.

22         MR. FRISCH:  Thank you, Judge.

23         (Recess)

24         MR. FRISCH:  Your Honor, thank you for the brief
25   adjournment.

1            THE COURT:  You bet.
2            MR. FRISCH:  Here is what I propose with regard to
3   timing and where we go from here and a variety of issues.
4            I had an opportunity to talk with Mr. El Bahnasawy in
5   the holding cell outside the courtroom for a few minutes but I
6   need time to speak with him at greater length.  I need
7   Mr. Wright to be present.  Mr. Wright is traveling and will be
8   away this holiday weekend with his wife in Washington, D.C.  If
9   your Honor can accommodate us, what I would propose is that
10  Mr. Wright and I plan to meet with Mr. El Bahnasawy as early as
11  we can, which will be Monday.  That's the next day that
12  Mr. Wright will be in New York for an extended --
13           THE COURT:  The 27th?
14           MR. FRISCH:  November 20th is when we would meet.
15           THE COURT:  27th is Monday.
16           MR. FRISCH:  I beg your pardon, your Honor.  I'm
17  sorry, 27th; and then report back to the Court, either by
18  letter or by appearing, as your Honor sees fit.
19           THE COURT:  Well, I am supposed to start a trial on
20  the 27th, so by letter would be best at least initially, and
21  then I will see where I am, if we could squeeze something in.
22           MS. SHROFF:  Your Honor, we would, as I am sure the
23  Court has guessed, ask most respectfully to be relieved as
24  counsel for Mr. El Bahnasawy.
25           THE COURT:  You already have.

1                No, I'm not being a wise guy, you already have and I
2    have rejected that application along with my rejection of
3    having sole new counsel.  I am very happy to have you both as
4    co-counsel to try and accommodate both of you but for the
5    reasons that I have stated, I am not going to relieve you, I
6    think that would wreak havoc on the integrity of these
7    proceedings.  And I am trying to honor Mr. El Bahnasawy's
8    wishes and his parents' wishes and defense counsel's wishes to
9    accommodate, have both of you.  So, that's my proposal,
10   obviously, and that's my ruling.
11               And, I am frankly surprised at the application, at
12   your application.  I mean I, in putting my remarks together,
13   Ms. Murray went back into the transcript and into the file and
14   no other conclusion seems even remotely appropriate in light of
15   what I said.  So, I stand on what I said earlier this
16   afternoon.  You can look at the transcript.
17            MS. SHROFF:  Your Honor, I respect what the Court has
18   said.  I am sure you understand my request only comes from
19   trying to do the right thing here.
20            THE COURT:  Okay.  I am assuming by the way, good
21   faith on everybody's part -- yours, counsel, new counsel,
22   Mr. El Bahnasawy, his parents -- I am assuming everybody is
23   acting in good faith so I am trying to -- government -- I am
24   trying to and I did my best and I think actually I am
25   comfortable with the ruling.  I think that it wasn't -- at the

1   end of the day when you read through the history of the case
2   and the transcript, it wasn't even a difficult ruling although
3   it doesn't probably entirely satisfy everybody.  But, that is
4   where I am.
5           MS. SHROFF:  Thank you, your Honor.
6           THE COURT:  You bet.
7           All right, so we have a December 12 date, I think, a
8   sentencing date.  I will be interested in seeing a letter from
9   counsel on Monday or Tuesday, I guess.
10          MR. FRISCH:  Yes, Judge.
11          THE COURT:  Thanks a lot.
12          MS. TEKEEI:  Your Honor, one question?
13          THE COURT:  Yes.
14          MS. TEKEEI:  Our apologies.
15          With respect to, because want to be aware of the
16  Court's deadline with respect to sentencing, how does the Court
17  want to handle deadlines with respect to government's and
18  defense counsel's submissions?
19          THE COURT:  So, you should meet and confer with
20  counsel and see what's realistic.  It sounds like we may have
21  to have some flexibility in that date.  I'm not sure.  It
22  depends on what defense counsel comes up with.
23          So, I would say we hold, put it on hold for a moment
24  and then when we get counsel's letter maybe we can make a
25  schedule out of that.

HBL5bahC

1        MS. TEKEEI:  Thank you, your Honor.
2        MS. SHROFF:  Thank you your Honor.
3        THE COURT:  Yes.
4                          o0o