THE LAW OFFICES OF
## ANDREW J. FRISCH, PLLC

ONE PENN PLAZA
53rd FLOOR
NEW YORK, NEW YORK 10119
(212) 285-8000
FAX: (646) 304-0352

**MEMO ENDORSED**
**P. 2**

JASON D. WRIGHT
ADMITTED IN NEW YORK, VIRGINIA
AND THE DISTRICT OF COLUMBIA
OF COUNSEL

January 8, 2019

*BY ECF*
The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/10/19

Re: *United States v. Abdulrahman El Bahnasawy*
Criminal Docket No. 16-376 (RMB)

Dear Judge Berman:

      On behalf of Abdulrahman El Bahnasawy in the above-referenced case, and upon consultation with Ms. Shroff and Mr. Kaminsky and with their consent, I write to ask that the Court (1) issue the amended recommendation for Mr. Bahnasawy's designation to the Bureau of Prisons (the "BOP") as attached; and (2) recommend, pursuant to Fed. R. Cr. Pr. 38(b)(2), that Mr. Bahanasawy remain confined in a local facility for at least six months to permit him to assist in preparing his appeal (as well as a possibly simultaneous petition pursuant to 28 U.S.C. §2255). Such confinement will have the added benefit of continued periodic visits of Dr. Porterfield.

      As explained in the declaration of Todd A. Bussert submitted in connection with sentencing (Doc. 91, Ex G at 6), a defendant with more than thirty years remaining on a sentence of imprisonment must be sentenced to a high-security facility, a penitentiary. While we believe that BOP on rare occasion has not designated such a defendant to a penitentiary, we believe it is highly likely that Mr. El Bahnasawy will be so designated. Since sentencing, the Federal Defenders and I have consulted available resources, including Mr. Bussert, to determine the least worst options going forward. Our conclusion remains that no BOP facility can properly care for Mr. Bahnasawy, but that FCI Butner is the best option, and that FCI McKean is a viable alternative option because of its proximity to Mr. Bahnasawy's family in Ontario (we have omitted FCI Schuylkill from our proposed amended recommendation). For these reasons, we retain that language in our requested recommendation.

It is nonetheless at least highly likely that Mr. Bahnasawy faces the next approximately forty years in the environment of a penitentiary, an especially inhospitable and life-threatening environment given the full range of Mr. Bahnasawy's circumstances discussed during the pendency of this case. We ask that the Court strongly recommend USP Terre Haute as an alternative to FCI Butner or FCI McKean to facilitate continued relationships with his parents and sister. Terre Haute is closer to Canada than other options, and we believe anecdotally that it is a slightly better facility than others.

As for Mr. Bahnasawy's continued confinement locally, our serious concern about the prevalence of controlled substances at the Metropolitan Correctional Center has not dissipated. We nonetheless seek to keep Mr. Bahnasawy in the area with the hope that he will be confined locally at a different facility, perhaps the Metropolitan Detention Center where we believe controlled substances are not as readily available. We have weighed the pros and cons of Mr. Bahnasawy's limited options and believe he is best served by continued proximity to counsel as he seeks post-conviction remedies (with the extra benefit of anticipated visits from Dr. Porterfield).

We appreciate the Court's consideration.

Respectfully submitted,

/s/
Andrew J. Frisch

cc: George Turner
Negar Tekeei
Sabrina Shroff
Clay Kaminsky

---

Application to have Mr. El Bahnasawy remain "locally" for six additional months following his December 19, 2018 sentencing is respectfully denied. It is preferable, in the Court's view, to allow Mr. El Bahnasawy to be designated by the Bureau of Prisons in the normal course, particularly in light of defense counsels' several complaints about the care that he has been receiving.

SO ORDERED

RMB

Richard M. Berman, U.S. District Judge
1/10/19

cc: Adam Johnson, Esq.